IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN DEAN BRUTON ,

    **Plaintiff,**

vs.                                                             No. CIV 00-528 MV/LCS

**SECRETARY OF ARMY,**
**ARMY BOARD FOR CORRECTION**
**OF MILITARY RECORDS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER COMES** before the Court on Defendants' Motion to Dismiss **[Doc No. 10]** filed July 5, 2000. The Court having considered the motion, the briefs, relevant law and being otherwise fully informed finds that the motion is well taken and will be **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff, Alvin C. Bruton, is a former armed services member with the United States Army. Plaintiff, appearing pro se, filed a § 1983 civil rights action in this Court on April 13, 2000 against the United States seeking a remedy for his discharge from the United States Army and claiming damages in the amount of twelve million dollars. Plaintiff does not clearly allege any facts to sustain a civil rights action. Rather, the nature of his Complaint suggests that Plaintiff seeks redress pursuant to 28 U.S.C. § 1491 and 37 U.S.C. § 204 which enable armed services members wrongly separated from their duty to seek backpay and other allowances. Plaintiff was discharged from the Army on May 9, 1988 whereupon he sought permissive review of his

1

discharge with the Army Board for Correction of Military Records ("ABCMR"). After several appeals to the ABCMR without any substantive relief granted, Plaintiff filed an action in the Court of Federal Claims which was dismissed as time-barred under the applicable six-year statute of limitations. Subsequently, Plaintiff filed the present action and seeks a transfer of the case to the Federal Court of Claims. Defendants move to dismiss the present action on the grounds that the Court lacks subject matter jurisdiction, that Plaintiff's claim is untimely, and that Plaintiff fails to state a claim for which relief can be granted.

## LEGAL STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction typically take two forms: a facial challenge or a factual challenge. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial challenge is an attack on jurisdiction that questions the sufficiency of the complaint. *Id.* In reviewing a facial attack on a complaint, the court must accept the allegations in the complaint as true. A factual attack on subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends. *Id.* In reviewing a factual attack on subject matter jurisdiction, a court may not presume the truthfulness of the complaint's factual allegations but

must go beyond the allegations and evaluate the evidence presented by the parties.  *Id.*  While the court may refer to evidence extraneous to the complaint in making appropriate factual findings on jurisdictional issues, it generally cannot convert a 12(b)(1) motion into one for summary judgment.  *Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir. 1987).

A court, however, is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when "resolution of the jurisdictional question is intertwined with the merits of the case."  *Holt,* 46 F.3d at 1003;  *Wheeler*, 825 F.2d at 259 n.5.  "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case."  *Holt,* 46 F.3d at 1003.

## DISCUSSION

The Court concurs with Defendants that it is without subject matter jurisdiction over this matter and that Plaintiff's claim is time-barred.  Accordingly, this action is dismissed pursuant to FED. R. CIV. P. 12(1).

Jurisdiction over non-tort monetary claims against the United States is exclusively defined by the Tucker Act, as codified at 28 U.S.C. §§1346, 1491.  This provision states that "district courts shall have original jurisdiction, concurrent with the United States Claims Court, of ... any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any act of Congress, or any regulation..." 28 U.S.C.§ 1346.  The Federal Court of Claims, however, has exclusive jurisdiction over such claims in excess of $10,000.  28 U.S.C. § 1491(a)(1); *see also Mitchell v. United States*, 930 F.2d 893, 894 (Fed Cir. 1991). Here, although Plaintiff names as Defendants the Secretary of the Army and the ABCMR,

since the judgment sought would expend itself on the public treasury the suit will be construed as one against the United States. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963). In the present case, Plaintiff seeks damages against the United States in the amount of twelve million dollars, far exceeding the amount permissible for this Court to retain jurisdiction over the matter. The exclusive jurisdiction for this case therefore lies with the Federal Court of Claims. See 28 U.S.C. § 1491(a)(1).

The remaining issue before the Court is whether it is appropriate to transfer this action to Federal Court of Claims where jurisdiction would reside, or dismiss the action for lack of jurisdiction. 28 U.S.C. § 1631 provides that where the Court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action of appeal to any other such court in which the action or appeal could have been brought at the time it was filed...." The purpose of section 1631 is to allow transfer rather than dismissal of an action mistakenly filed in federal court without subject matter jurisdiction. *See, e.g., Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999). However, section 1631 allows transfer of an action only where the Court finds that such a transfer is in the "interest of justice." Where an action is time-barred, a transfer is not within if the interest of justice, and the Court should dismiss the action rather than transfer it. *See id.* Here, Plaintiff's action is time-barred by the applicable statute of limitations set forth in 28 U.S.C. § 2401(a) which provides that any complaint against the United States must be filed within six years after the right of action first accrues. The statute of limitations begins to run when the Plaintiff is "armed with the facts about the harm done to him." *United States v. Kubrick*, 444 U.S. 111, 123 (1979). A cause of action alleging unlawful discharge from the military accrues, for statute of limitations purposes, at the time of the service member's removal.

*Mitchell v. United States*, 26 Cl. Ct. 1329 (1992), *citing Hurick v. Lehman*, 782 F.2d 984, 986 (Fed. Cir. 1986).  Thus, Plaintiff's cause of action arose over twelve years ago on May 9, 1988, the date of his discharge from active duty.  Plaintiff's permissive applications for review before the ABCMR did not toll the running of the statute of limitations.  *See id.*  On this ground the Federal Court of Claims dismissed Plaintiff's earlier action filed in that court, *Bruton v. United States,* 34 Fed. Cl. 347, 354 (1995), and would surely dismiss the action again if this Court were to transfer the case back to their jurisdiction.  As such, any transfer of this action by this Court to the Federal Court of Claims would be untimely, futile and not in the interest of justice.  The only appropriate action available to the Court is to dismiss this action pursuant to FED. R. CIV. P. 12(b)(1) for lack of jurisdiction.

## CONCLUSION

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss **[Doc. No. 10]** filed July 5, 2000 is **GRANTED**, and this action is hereby dismissed with prejudice.

**DATED** this 28th day of September, 2000.

MARTHA VÁZQUEZ
U. S.  DISTRICT JUDGE

Plaintiff
Alvin C. Bruton, *pro se*

Defendants
Jan Elizabeth Mitchell