IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN DEAN BRUTTON,

    Plaintiff,

vs.                                                                                                  Civ. No. 00-528 MV/ LCS

SECRETARY OF ARMY,
ARMY BOARD OF CORRECTION
OF MILITARY RECORDS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Reopen Case, which shall be construed as a motion to reconsider the Court's September 19, 2000 Memorandum Opinion and Order dismissing Plaintiff's action for lack of subject matter jurisdiction and untimeliness. The Court, having considered the pleadings, relevant law, and being otherwise fully informed, finds that the Motion to Reconsider is not well taken and will be **DENIED**.

### STANDARD OF REVIEW

A motion for reconsideration is an opportunity for the Court to correct manifest errors of law or fact, to review newly discovered evidence or to review a prior decision when there has been a change in the law. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also* 18 Wright & Miller, Federal Practice and Procedure § 4478, at 790 (2d ed. 1981 & Supp. 1998). Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'" *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

## ANALYSIS

In the September 19, 2000 Memorandum Opinion and Order, the Court ruled that it was without subject matter jurisdiction over Plaintiff's claim which falls within the exclusive jurisdiction of the Federal Court of Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). The Court further ruled that it was not in the interest of justice to transfer venue of this action to the Federal Court of Claims because that court had previously dismissed Plaintiff's claim as time-barred pursuant to the applicable statute of limitations and "would most surely dismiss the action again if this Court were to transfer the case back to their jurisdiction." *See, e.g., Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (it is not in the interest of justice to transfer a time-barred claim). Plaintiff, appearing *pro se*, now restates his arguments regarding the merits of his claim, while failing to address the Court's previous dismissal based on lack of subject matter jurisdiction and untimeliness. Plaintiff has not brought forth any new evidence, nor has he pointed out any error of law in the Court's previous ruling. A motion for reconsideration is not an avenue to revisit issues already addressed by a court. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Thus, for the reasons stated by the Court in its September 19, 2000 Memorandum Opinion and Order, Plaintiff's Motion to Reopen Case will be denied.

**THEREFORE,**

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Reopen Case **[Doc No. 18]**, filed October 6, 2000, is **DENIED**.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Plaintiff
Alvin Dean Brutton

For Defendants
Jan Elizabeth Mitchell