# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ALVIN DEAN BRUTTON,

    Plaintiff,

vs.                                                                             Civ. No. 00-528 MV/ LCS

SECRETARY OF ARMY,
ARMY BOARD OF CORRECTION
OF MILITARY RECORDS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Plaintiff's Motion for Reconsideration, filed December 11, 2000 **[Doc. No. 26]**. The Court, having considered the Motion, relevant law, and being otherwise fully informed, finds that the Motion to Reconsider is not well taken and will be **DENIED**.

## BACKGROUND

Plaintiff Alvin C. Bruton is a former armed services member with the United States Army. Plaintiff commenced this action by filing a *pro se* civil rights complaint against the United States, seeking a remedy for his discharge from the United States Army and claiming damages in the amount of twelve million dollars. On September 28, 2000, the Court entered an order dismissing Plaintiff's complaint for lack of subject matter jurisdiction and declined to transfer the action to the Federal Claims Court. Plaintiff filed a motion to reopen, which the Court denied on November 30, 2000. Plaintiff now seeks reconsideration of the Court's order denying Plaintiff's motion to reopen.

**STANDARD OF REVIEW**

As explained in the Court's prior order denying Plaintiff's motion to reopen, a motion for reconsideration is an opportunity for the Court to correct manifest errors of law or fact, to review newly discovered evidence or to review a prior decision when there has been a change in the law. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985); *see also* 18 Wright & Miller, Federal Practice and Procedure § 4478, at 790 (2d ed. 1981 & Supp. 1998). "A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence.'" *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'" *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

**ANALYSIS**

In its order dismissing Plaintiff's complaint, the Court explained that it lacked subject matter jurisdiction over the underlying dispute and that it would be improper to transfer the action to the Federal Claims Court because Plaintiff's complaint was time-barred. In its order denying Plaintiff's motion to reopen, the Court noted that Plaintiff had failed to bring forth any new evidence or to point out any error of law in the Court's previous ruling. In the motion for reconsideration now pending before the Court, Plaintiff reiterates many of the points he made in his motion to reopen, again failing to set forth any reasoning as to why this Court's prior orders have been in error. As explained above, a motion for reconsideration is not an avenue to revisit issues already addressed by a court. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Accordingly, the motion for reconsideration will be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Reconsideration **[Doc. No. 26]** is hereby **DENIED**.

Dated this 22nd day of October, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

<u>Plaintiff</u>
Alvin Dean Brutton

<u>For Defendants</u>
Jan Elizabeth Mitchell